966 F.2d 1440
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Jose Antonio GONZALEZ, Defendant, Appellant.
 No. 92-1489.
 United States Court of Appeals,
First Circuit.
 July 1, 1992
 
 Robert A. Levine on brief for appellant.
 Richard S. Cohen, United States Attorney, Jonathan A. Toof, Assistant United States Attorney, and Margaret D. McGaughey, Assistant United States Attorney, on brief for appellee.
 Before Breyer, Chief Judge, Campbell, Senior Circuit Judge, and Cyr, Circuit Judge.
 Per Curiam.
 
 
 1
 Defendant pled guilty to (1) conspiracy to possess with intent to distribute cocaine and (2) use of a person under eighteen to distribute and to aid and abet the possession with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1), 846. He received a fifty-one month sentence, the lowest sentence under the applicable guideline. On appeal, defendant raises one issue-that his asserted youthful appearance and potential for victimization in prison was a ground warranting a downward sentencing departure.
 
 
 2
 Defendant was nineteen when he committed the drug offenses and approximately two months short of his twentieth birthday when he was sentenced. The prosecutor acknowledged at sentencing that defendant "obviously ... is a youthful looking person." According to the presentence report, defendant is 5'10" tall and weighs 125 pounds.
 
 
 3
 Relying on two second circuit cases, United States v. Gonazalez, 945 F.2d 525 (2d Cir. 1991) (downward departure for 19-year-old defendant who looked 14 or 15 and had a "feminine cast to his face and a softness of features which will make him prey to long-term criminals" upheld); United States v. Lara, 905 F.2d 599 (2d Cir. 1990) (upholding downward departure because defendant's youthful appearance (was 22, but looked 16) and bisexual orientation had rendered him extremely vulnerable to physical attack and prison officials had been unable to protect him other than by placing him in solitary confinement), defendant argues on appeal, as he did below, that defendant's youthful appearance rendered him particularly vulnerable to victimization in prison, that this alleged vulnerability was a circumstance of a kind or to a degree not adequately considered by the sentencing commission, and that hence a downward departure was warranted.
 
 
 4
 Defendant acknowledges our repeated statement that ordinarily a district court's refusal to depart is not appealable. See United States v. Hilton, 946 F.2d 955, 957 (1st Cir. 1991) and cases collected therein. He seeks to come within an exception permitting review when the court's decision not to depart is based on the mistaken view that it lacked the legal authority to depart. Id.
 
 
 5
 Our review of the record convinces us that the district court found no need to address the legal question whether youthful appearance and potential for victimization could ever be proper grounds for departure because it concluded as a factual matter that defendant was not unusually vulnerable to attack. The court stated as follows:
 
 
 6
 I ... find that [defendant] is not by virtue of his appearance uniquely subject to victimization in prison more than average 19-year-olds.
 
 
 7
 ...
 
 
 8
 I decline to depart from the guideline range. I'm not persuaded that [defendant] ... is so uniquely likely to be victimized in prison that a downward adjustment is called for.
 
 
 9
 Defendant regards these remarks as ambiguous, calling for a remand, but we do not. The district court was clearly appraised of defendant's legal position through defendant's citation to the Second Circuit cases, but found, in the case before him, no unusual vulnerability. We have no basis to disturb the factual finding.
 
 
 10
 The appeal is summarily dismissed pursuant to First Circuit Rule 27.1.